IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERNEST LOUIS HALFORD #365751

                          Plaintiff,                          OPINION AND ORDER

    v.

                                                        10-cv-206-slc[1]

RICK RAEMISCH: D.O.C.,
GOV. JAMES DOYLE and
Current HFS - Dir.,

                          Defendant.

---

       Plaintiff Ernest Louis Halford, a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin, has submitted a proposed complaint, dkt. #1, and several supplements, dkts. ##3, 7 and 9. Halford seeks leave to proceed *in forma paupers* under 28 U.S.C. § 1915. In a previous order, Magistrate Judge Stephen Crocker concluded that plaintiff was not required to make an initial partial payment because his prison trust fund account statement showed that he has no means to do so. 28 U.S.C. § 1915(b)(4).

       Because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed plaintiff's complaint, I conclude that he may not proceed at this time.

---

[1] For the purpose of issuing this order, Judge Conley acts for the court.

Fed. R. Civ. P. 8. requires that a complaint 1) set forth a "short and plain statement of the grounds for the court's jurisdiction . . .; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought." Pursuant to Rule 8(d), "each allegation must be simple, concise, and direct." Plaintiff's complaint is relatively short, but it does not describe his claims plainly as required by Rule 8. Indeed, the text itself is printed in a seemingly painstaking and unique calligraphy intended to prevent ease of reading altogether.

Ignoring this obvious defect, the overarching theme of plaintiff's complaint appears to be that he and other Wisconsin inmates suffer from overcrowding in the state's prisons because of a decision by defendant Doyle to terminate a contract with the Corrections Corporation of America. Plaintiff's complaint reads more like an editorial on administrative decisions affecting Wisconsin prisons and conditions within the prisons he believes need to be remedied, than it does a claim for specific relief based on legal claims of constitutional or statutory deprivation. *See e.g.*, Cpt., dkt. #1, at ¶4 ("Issue: Overcrowded Prison System Floods W.R.C. after Gov. Doyle ends C.C.A. Prison Contract."); *id* at 5 ("Since Gov. Doyle ended the 'out of state' C.C.A. Corp. Contract which forced thousands of inmates to be driven back into Wisc. and being asked to sleep on the cell floors of tiny 1-bunk cells with vermin and ni[ght]marish fear . . . .") Statements such as these violate Rule 8's notice pleading requirements. A plaintiff must allege sufficient facts to put each defendant on notice of the specific facts constituting which violate plaintiff's rights; so that the defendant

can meaningfully answer. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Moreover, plaintiff does not have standing to raise claims on behalf of all other inmates. He names no other plaintiffs besides himself in the case caption and he is the only individual to sign the complaint.

As noted, an additional problem is with the format of plaintiff's complaint. His allegations consist of single-spaced paragraphs that are handwritten in an unusual font. These paragraphs are crammed onto white space of various inmate forms and documents making them nearly impossible to follow. Plaintiff is free to handwrite his submissions to this court, but draft his filings on blank or lined paper. In addition, he should leave space in between lines <u>and</u> words to permit it to be read at all, much less without severe eye strain.

Because plaintiff's complaint does not comply with Rule 8, the court will dismiss it without prejudice. Attached to this opinion is a blank complaint form for plaintiff to fill out. In filling out the form, plaintiff should explain his claims in a way that would enable someone reading the complaint to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did defendants do that makes them liable for violating plaintiff's rights?
- How was plaintiff individually injured by defendant's conduct?

Plaintiff will have until June 9, 2010, to file an amended complaint that complies with Rule 8. If plaintiff does this, the court will take the amended complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). However, if he fails to

respond to this order to this order by June 9, the case will be closed.

## ORDER

IT IS ORDERED that plaintiff's complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until June 9 , 2010, in which to file an amended complaint that complies with Fed. R. Civ. P. 8. If plaintiff fails to file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 20th day of May, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge