IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERNEST LOUIS HALFORD #365751

                      Plaintiff,                    OPINION AND ORDER

    v.

                                                        10-cv-206-slc[1]

RICK RAEMISCH: D.O.C.,
GOV. JAMES DOYLE and
Current HFS - Dir.,

                      Defendant.

---

      Plaintiff Ernest Louis Halford, a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin, had submitted a proposed complaint, dkt. #1, and several supplements, dkts. ##3, 7 and 9.  On May 20, 2010, his complaint was dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8 and he was given until June 9, 2010 to file an amended complaint that complied with the rule.  Halford submitted a pleading on June 11, 2010, that appears to be his amended complaint.  Unfortunately, this complaint does not comply with Rule 8 either.   Because of his status as a *pro se* litigant, Halford will be provided one, last opportunity to file an amended complaint that addresses each deficiency explained below.  Failing that, plaintiff's lawsuit will be dismissed.

      As the court previously explained, Fed. R. Civ. P. 8. requires that a complaint set forth a (1) short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  Pursuant to Rule 8(d), "each allegation must be simple, concise, and

---

[1]For the purpose of issuing this order, Judge William M. Conley acts for the court.

direct." Halford was advised that he should draft his filings on blank or lined paper, leaving space in between lines <u>and</u> words to permit it to be read more easily. While Halford attempts to comply with this directive by leaving space between the lines and words, he did not use the complaint form that was sent to him and he continues to use painstaking and unique calligraphy that is difficult to read. In addition, most of what is written is in the form of phrases, free verse and even a kind of poetry, rather than coherent sentences and numbered paragraphs that are essential for meaningful communication between legal parties and the court.

More troubling still is the continued, total lack of clarity with which he sets out his claims. There are no captions or specific claims in his amended complaint and he does not allege who the defendants are or what they personally *did to harm him*, beyond having the most senior members of state government, who are almost certainly *not* legally responsible for any specific misconduct done to plaintiff. In addition the claims appear to be different ones than he was attempting to state in his first complaint.

Some of Halford's allegations describe fantastic or delusional scenarios. The following are quotes from his complaint.

> To much, using thier (code) word's, . . . while he's, in the vicinity , which allegedly is how he heard "Mandela the Motor Mouth" . .? .did not know about all, the extra's, that a unnamed: R.N. was (injecting into oranges...H.I.V. was allegedly heard by: confidential informant #3, who knew the: SOFT DIET tray was for, the "old nigga" that filed the native religious suit for Geronimo-T)
>
> Local Hero/Pride is, one way to manipulate M.J. to inadvertently confess, via 1:CO-worker/Prison Guard-rookie

>(REPUBLICAN).
>
>Who is willing to re-locate/Undercover: Opera Agent, who voted for Pres. Reagan twice and does not, blame, his (allegedly) North American Free Trade Agreement (N.A.F.T.A.) for the 46 million factory/manu. jobs,-lost to low wager's.

Whatever value there is in this prose as a purely artistic matter, none of these statements suggest that anyone violated any of Halford's constitutional rights.

In his submission, however, there are hints at a few, clearer allegations. Referring to himself by his inmate number, 365751, Halford says that on February 6, 2007, he was vindictively transferred to the Waupun Correctional Institution from the Columbia Correctional Institution's segregation unit, but he does not allege in any legally intelligible way what, much less who was responsible for this transfer. It is also possible that Halford is attempting to state a claim concerning medical treatment, but he has not alleged what or who is responsible for any inadequate treatment he may have received.

Because plaintiff's amended complaint does not comply with Rule 8, the court will dismiss it without prejudice. Plaintiff Halford will be afforded one, last opportunity to submit an amended complaint that complies with Rule 8. Attached to this opinion is a blank complaint form for plaintiff to fill out. In filling out the form, plaintiff should explain his claims in full sentences, numbered paragraphs and a way that would enable someone reading the complaint to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did individual defendants do that makes them personally responsible for violating plaintiff's rights?

- How was plaintiff individually injured by defendant's conduct?

Plaintiff will have **until November 1, 2010, to file an amended complaint** that complies with Rule 8 and this Opinion and Order. If plaintiff does this, the court will take the amended complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). If he fails to respond to this order to this order by November 1, however, the case will remain closed.

ORDER

IT IS ORDERED that: (1) plaintiff's amended complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8; (2) he may have until November 1 , 2010, in which to file an amended complaint that complies with Fed. R. Civ. P. 8.; and (3) if plaintiff fails to file an amended complaint by that date, the clerk's office is directed to close this case.

Entered this 1st day of October, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge